(C.D. 3041)

GELLMAN BROTHERS *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 22, 1967)

*Wallace & Schwartz* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Certain merchandise covered by the above-enumerated protest was classified by the customs officials as hunting knives in paragraph 355 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed with duty at the compound rate of 1 cent each and 12½ per centum ad valorem.

It is the contention of plaintiff herein that said articles should properly have been classified as articles or wares, not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and subjected to duty at the rate of 19 per centum ad valorem.

By stipulation of the parties hereto it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed AJL (Commodity Specialist's Initials) by Commodity Specialist A. J. Lavoie (Commodity Specialist's Name) on the invoice covered by the instant protest, and assessed with duty at 1¢ each plus 12½% ad valorem under Par. 355, consists of miniature knives similar in all material respects to the merchandise the subject of *M. Pressner & Co., et al.* v. *The United States*, Abs. 67195, and therein held dutiable at 19% ad valorem under Par. 397, as modified by T.D. 54108.

IT IS HEREBY FURTHER STIPULATED AND AGREED that the record in *M. Pressner & Co., et al* v. *The United States*, Abs. 67195, be incorporated into the record of this case and that said pro-

test be submitted on this stipulation, the same being limited to the items marked "A" as aforesaid.

Upon the agreed facts of record and following the cited authority, we hold that the items of merchandise marked and initialed as aforesaid should properly have been classified as articles or wares, not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*, and assessed with duty at the rate of 19 per centum ad valorem. That claim in the protest is, therefore, sustained. As to all other merchandise and all other claims, the protest is overruled.

Judgment will be entered accordingly.